



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JOSEPH ZANGRILLI**
*Senior Counsel*
Phone: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov

May 13, 2025

<u>By ECF</u>
Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Saunders v. City of New York, et al.</u>, 24-CV-00910 (JGLC)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for Defendant City of New York in the above-referenced matter. Defendant writes to respectfully request that the Court: either (i) bifurcate plaintiff's claims under <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978) or, alternatively, (ii) stay discovery on that claim until after other fact discovery is completed. Plaintiff does not consent to these requests. This isDefendant's first request to bifurcate discovery.

By way of background, plaintiff brings constitutional claims arising from her time in custody of the Department of Correction ("DOC"). Plaintiff alleges violations of the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution as well as under Article 1 of the New York State Constitution and asserts a number of claims including: i)"deliberate indifference under 42 U.S.C. section 1983; ii) negligent hiring, screening, retention, supervision; iii) state constitutional violations; iv) state law negligence and; vi) a <u>Monell</u> claim.

Plaintiff asserts that while in custody, she requested protection from DOC staff and was ultimately assaulted by another inmate on November 10, 2022. <u>See</u> Docket Entry No. 1. Plaintiffs bring a <u>Monell</u> claim, relating to DOC staffing, failure to train and unavailability of medical care. <u>Id.</u> at ¶¶ 58 – 96. The parties exchanged initial disclosures and document requests and interrogatories. The bulk of paper discovery for the underlying incident has been exchanged: there is a short list of items related to previously provided responses to document requests and interrogatories that are being addressed. Once these have been completed, the parties expect to conduct depositions.

In an effort to reach an early resolution in this matter, Defendant requested that plaintiff consent to bifurcating <u>Monell</u> discovery. This request came after plaintiff served a notice pursuant to Rule 30(b)(6), which is voluminous and focused on <u>Monell</u> discovery. <u>See</u> Exhibit A,

1

Plaintiff's Notice of Deposition Pursuant to FRCP 30(b)(6). Plaintiff rejected this request, and instead, proposed that Defendant file its motion to bifurcate.

Discovery in this matter closes on July 11, 2025, and expert discovery closes on August 22, 2025. See Docket Entry Nos. 27. To date, the parties have been diligently engaged in discovery, primarily on the underlying issues in the case. See Docket Entry Nos. 15, 19, 23, 25 (detailing the discovery that has taken place so far). Defendant now seeks Court intervention to narrow the scope of discovery. The Court should either bifurcate or stay Monell discovery for two reasons: (1) for efficiency purposes; and (2) because it will aid the parties in reaching a resolution.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[ or] claims . . . ." FED. R. CIV. P. 42(b). "'[T]he presence of only one of these conditions' is required for the Court to order a separate trial." Candelarie v. Sci. Innovations, Inc., 08-CV-1714 (JS) (AKT), 2011 U.S. Dist. LEXIS 87328, at *5 (E.D.N.Y. Aug. 3, 2011) (quoting Ricciuti v. N.Y.C. Transit Aut., 796 F. Supp 84, 85 (2d Cir. 1992)). "Bifurcation is appropriate when the resolution of a single issue may resolve the case and render trial on the other issue unnecessary." Walker v. City of New York, 14-CV-680 (WFK) (PK), 2018 U.S. Dist. LEXIS 58380, at *12 (E.D.N.Y. Mar. 30, 2018) (affirming Order to bifurcate Monell discovery). Importantly, "plaintiff may only pursue a Monell claim based upon an actual deprivation of his constitutional rights by persons acting under color of state law, even if the municipality's policy otherwise permits or encourages constitutional violations." Id. (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam)). Therefore, courts in the Second Circuit "often order bifurcation in § 1983 civil rights cases where there are Monell claims against the municipality." Id. (collecting cases).

"In determining what constitutes prejudice, courts 'generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Hart v. City of New York, 11-CV-4678 (RA), 2012 U.S. Dist. LEXIS 166578, at *19 (S.D.N.Y. Nov. 20, 2012).

Bifurcating Monell at this stage is undoubtedly a more efficient way to litigate this case. Plaintiff must prove two elements to assert a municipal liability claim: "first prove the existence of a municipal policy or custom in order to show the municipality took some action that caused him injures" and then "[s]econd, the plaintiff must establish a causal connection — an affirmative link — between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). That is – once a plaintiff proves an underlying constitutional violation, they must then show it was caused by the alleged unconstitutional policy.

The discovery exchanged – which is mainly focused on plaintiff's individual constitutional claims – is already capacious. If plaintiff cannot demonstrate a constitutional violation for deliberate indifference, she cannot establish a Monell claim, as a matter of law. Therefore, for efficiency purposes, the Court should bifurcate Monell, until if/when plaintiff can demonstrate an underlying constitutional violation. See Morales v. Irizarry, 95 Civ. 5068 (AGS)

(HBP), 1996 U.S. Dist. LEXIS 15613, at **3–4 (S.D.N.Y. Oct. 17, 1996) ("The overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a <u>Monell</u> claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the <u>Monell</u> claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established.").

Alternatively, the Court may reserve its decision on bifurcation and, instead, stay <u>Monell</u> discovery until after discovery and dispositive motion practice are complete on the underlying claim. "'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Federal Rule of Civil Procedure 26(c)." <u>Oliver v. City of New York</u>, 19 Civ. 11219 (PGG) (JLC), 2021 U.S. Dist. LEXIS 103656, at *3 (S.D.N.Y. June 2, 2021) (quoting <u>Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.</u>, 09 Civ. 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *2 (S.D.N.Y. Sep. 1, 2009)). "Rule 26(d) also allows the Court 'to control the sequence and timing of discovery,' particularly where resolution of a preliminary matter may decide the entire case." <u>Id.</u> at **3–4 (quoting <u>Thrower v. Pozzi</u>, 99 Civ. 5871 (GBD), 2002 U.S. Dist. LEXIS 1035, at **21–22) (S.D.N.Y. Jan. 23, 2002)). "'[I]f discovery is staged, rather than claims bifurcated, the Court may take account of the likely strength of the underlying claims and then determine whether to allow discovery to proceed on the second-stage <u>Monell</u> claim.'" <u>Id.</u> at **4–5 (quoting <u>Alli v. Steward-Bowden</u>, 2013 U.S. Dist. LEXIS 132875, at *4 (S.D.N.Y. Sep. 17, 2013)).

Here, the Court should bifurcate or stay <u>Monell</u> discovery so that the parties can focus their efforts on the underlying claim. <u>See</u> <u>Amato v. City of Saratoga Springs</u>, 170 F.3d 311, 321 (2d Cir. 1999) ("Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy or custom' on behalf of the municipal entity is often unnecessary in the suit against the individual officer."); <u>Tabor v. New York City</u>, No. 11 CV 0195, 2012 U.S. Dist. LEXIS 29004, at *10 (E.D.N.Y. Feb. 23, 2012) (finding that bifurcation is appropriate when "the resolution of a single issue may resolve the case and render trial on the other issue unnecessary" and thus bifurcating discovery on underlying claims from <u>Monell</u> claim). In this case, bifurcating or staying discovery on the <u>Monell</u> claims would promote judicial economy by narrowing the scope of discovery to focus on the individual actions of plaintiff and defendant. Engaging in <u>Monell</u> discovery would undoubtedly delay the parties from reaching a resolution in this matter because it would be impossible for both sides to meaningfully engage in both settlement discussions and the type of voluminous <u>Monell</u> discovery that plaintiff is seeking.

In addition, bifurcation or a stay may aide the parties in resolving the case. The parties have discussed settlement, and the Defendant recently made an offer to resolve the matter. Plaintiff has indicated an interest in exploring settlement but indicated that a 'Native' version of the Genetec footage needed to be provided before further discussions could occur. That footage was exchanged earlier today in accord with an agreement between the parties.

In Defendant's view, this case may require a settlement conference or mediations – a venue with a neutral third party – to reach a resolution in this case. Defendant is prepared to engage in these discussions to resolve this matter. While the parties seem to agree that this case should settle, the parties cannot reach a settlement agreement if they cannot dedicate their

resources to that objective. Therefore, Defendant City respectfully request that the Court either bifurcate, or stay <u>Monell</u> discovery.

Therefore, Defendants respectfully requests that the Court either bifurcate plaintiff's <u>Monell</u> claims or stay <u>Monell</u> discovery until after discovery is completed.

Defendant thanks the Court for its time and consideration herein.

Respectfully submitted,

<u>/S/</u> *Joseph Zangrilli*
Joseph Zangrilli
*Senior Counsel*

Cc:     **By ECF**
        All Counsel of Record


Plaintiff is ORDERED to respond to Defendant's request by no later than May 19, 2025. It is hereby ORDERED that all parties appear for a conference with the Court on May 20, 2025 at 3:00 p.m. in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. The parties should be prepared to discuss Defendant's request at ECF Nos. 28 and 29.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: May 14, 2025
        New York, New York